# Exhibit A



**null / ALL**
**Transmittal Number: 26528441**
**Date Processed: 03/09/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Adriana Cahill<br>American Medical Response Inc.<br>6363 S Fiddlers Green Cir<br>Fl 14<br>Greenwood Village, CO 80111-5011 |
| **Electronic copy provided to:** | Aileen Daproza<br>Taunia Rogers |

| | |
|---|---|
| **Entity:** | American Medical Response of Inland Empire<br>Entity ID Number  2437312 |
| **Entity Served:** | American Medical Response of Inland Empire |
| **Title of Action:** | Gabriel Alejandro Rubiera Tice vs. American Medical Response of Southern California |
| **Matter Name/ID:** | Gabriel Alejandro Rubiera Tice vs. American Medical Response of Southern California (13755176) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | CVRI2300916 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/08/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Crosner Legal, PC<br>310-496-5818 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Riverside on 02/22/2023 07:46 PM
Case Number CVRI2300916 0000049806954 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA,
a California corporation; AMERICAN MEDICAL RESPONSE OF
INLAND EMPIRE, a California corporation; AMERICAN MEDICAL
RESPONSE OF SAN DIEGO, INC., a California corporation; and
AMERICAN MEDICAL RESPONSE WEST, a California corporation;
and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
GABRIEL ALEJANDRO RUBIERA TICE, as an individual on behalf of
himself and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Riverside - Riverside Historic Courthouse<br><br>4050 Main Street, Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>CVRI2300916 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 Tel: (310) 496-5818

| DATE:<br>*(Fecha)* | 02/22/2023 | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMERICAN MEDICAL RESPONSE OF INLAND EMPIRE,
   a California corporation
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
GC68150(g)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2300916

**Case Name:**   TICE vs AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA

AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/25/2023 | 8:30 AM | Department 10 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 02/24/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court


by:

O. Ramirez-Chavez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2300916

**Case Name:**   TICE vs AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA

AMERICAN MEDICAL RESPONSE OF INLAND EMPIRE

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/25/2023 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/24/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by:

O. Ramirez-Chavez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2300916

**Case Name:**   TICE vs AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA

AMERICAN MEDICAL RESPONSE OF SAN DIEGO, INC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/25/2023 | 8:30 AM | Department 10 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/24/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by:

O. Ramirez-Chavez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2300916

**Case Name:**   TICE vs AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA

AMERICAN MEDICAL RESPONSE WEST

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/25/2023 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/24/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: _____

O. Ramirez-Chavez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2300916

**Case Name:**   TICE vs AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA

MICHAEL R. CROSNER
9440 SANTA MONICA BLVD. SUITE 301

Beverly Hills, CA 90210

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/25/2023 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. *A Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/24/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: _____

O. Ramirez-Chavez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2300916

**Case Name:**   TICE vs AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA

GABRIEL ALEJANDRO RUBIERA TICE

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/25/2023 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/24/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by:

O. Ramirez-Chavez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2300916

AMERICAN MEDICAL RESPONSE OF
SOUTHERN CALIFORNIA

AMERICAN MEDICAL RESPONSE OF
INLAND EMPIRE

AMERICAN MEDICAL RESPONSE OF SAN
DIEGO, INC

AMERICAN MEDICAL RESPONSE WEST

CROSNER, MICHAEL R.
9440 SANTA MONICA BLVD. SUITE 301

TICE, GABRIEL ALEJANDRO RUBIERA

Beverly Hills, CA 90210

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2300916

**Case Name:**   TICE vs AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Harold W. Hopp in Department 10 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 02/24/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

CI-NODACV
(Rev. 02/16/21)

by:   _____

O. Ramirez-Chavez, Deputy Clerk

RI-ADR001-INFO



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov
**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
*INFORMATION PACKAGE*

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

Arbitration may be appropriate when the parties:
- ☑ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ☑ · do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ☑ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

#### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

#### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

#### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - ☑ Your preferences for mediation or arbitration.
   - ☑ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- ☑ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ☑ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | | |
|---|---|---|
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563 | |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262 | |
| ☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 | **RI-ADR001** |

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
| TELEPHONE NO:         FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE(S): |

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration     ☐ Other (describe): _____

Proposed date to complete ADR: _____

<u>**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**</u>

| | | |
|---|---|---|
| _____ | _____ | _____ |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| _____ | _____ | _____ |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| _____ | _____ | _____ |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| _____ | _____ | _____ |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

Electronically FILED by Superior Court of California, County of Riverside on 02/22/2023 07:46 PM
Case Number CVRI2300916 0000049806955 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

**RI-CI032**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Michael R. Crosner (SBN 41299), Zachary M. Crosner (SBN 272295),
Jamie Serb (SBN 289601)
CROSNER LEGAL, PC
9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210

TELEPHONE NO: (310) 496-5818    FAX NO. *(Optional)* (310) 510-6429
E-MAIL ADDRESS *(Optional)*: zach@crosnerlegal.com; jamie@crosnerlegal.com
ATTORNEY FOR *(Name)*: Gabriel Alejandro Rubiera Tice

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: Gabriel Alejandro Rubiera Tice

DEFENDANT/RESPONDENT: American Medical Response of Southern California

CASE NUMBER:
CVRI2300916

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92507

☐    The action concerns real property located in the zip code of:  _____

☐    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  February 22, 2023

Zachary M. Crosner
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____
(SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/local/rms/localrms.shtml

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Michael R. Crosner (SBN 41299), Zachary M. Crosner (SBN. 272295),<br>Jamie Serb (SBN 289601)<br>CROSNER LEGAL PC, 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210<br>TELEPHONE NO.: (310) 496-5818   FAX NO. *(Optional)*: (310) 510-6429<br>E-MAIL ADDRESS: zach@crosnerlegal.com, jamie@crosnerlegal.com<br>ATTORNEY FOR *(Name):*  Gabriel Alejandro Rubiera Tice | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

Electronically FILED by Superior Court of California, County of Riverside on 02/22/2023 07:46 PM
Case Number CVRI2300916 0000049806953 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

CASE NAME:
Gabriel Alejandro Rubiera Tice v. American Medical Response of Southern California, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited**<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2300916<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve         courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence          court
                                                           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 22, 2023

Zachary Crosner
(TYPE OR PRINT NAME)                                                     ▶ *(signature)*
                                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

Electronically FILED by Superior Court of California, County of Riverside on 02/22/2023 07:46 PM
Case Number CVRI2300916 0000049806952 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

MICHAEL R. CROSNER, ESQ. (SBN 41299)
mike@crosnerlegal.com
ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
JAMIE K. SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff
As an individual on behalf of all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| GABRIEL ALEJANDRO RUBIERA TICE, as an individual on behalf of himself and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA, a California corporation; AMERICAN MEDICAL RESPONSE OF INLAND EMPIRE, a California corporation; AMERICAN MEDICAL RESPONSE OF SAN DIEGO, INC., a California corporation; and AMERICAN MEDICAL RESPONSE WEST, a California corporation; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: CVRI2300916 <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **Recovery of Unpaid Minimum Wages and Liquidated Damages** <br><br> 2. **Recovery of Unpaid Overtime Wages** <br><br> 3. **Failure to Provide Meal Periods or Compensation in Lieu Thereof** <br><br> 4. **Failure to Provide Rest Periods or Compensation in Lieu Thereof** <br><br> 5. **Violations of Labor Code section 226** <br><br> 6. **Failure to Timely Pay All Wages Due Upon Separation of Employment** <br><br> 7. **Failure to Reimburse Business Expenses *and*** <br><br> 8. **Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff, GABRIEL ALEJANDRO RUBIERA TICE ("PLAINTIFF"), an individual on

2 behalf of PLAINTIFF, and all other similarly situated Class Members (as defined below), hereby

3 files this Complaint against Defendants AMERICAN MEDICAL RESPONSE OF SOUTHERN

4 CALIFORNIA, a California corporation; AMERICAN MEDICAL RESPONSE OF INLAND

5 EMPIRE, a California corporation; AMERICAN MEDICAL RESPONSE OF SAN DIEGO, INC.,

6 a California corporation; and AMERICAN MEDICAL RESPONSE WEST, a California

7 corporation; and DOES 1-100, inclusive; and DOES 1-100, inclusive, (collectively referred to herein

8 as "DEFENDANTS"). PLAINTIFF is informed and believes and thereon alleges as follows:

9                              **JURISDICTION AND VENUE**

10    1.    This court possesses original subject matter jurisdiction over this matter. Venue is

11 proper in the County of Riverside pursuant to California Code of Civil Procedure section 395.5

12 because DEFENDANTS transact business within this judicial district, DEFENDANTS employed

13 PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct alleged by

14 PLAINTIFF herein occurred in this this judicial district.

15                                    **THE PARTIES**

16    2.    PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of

17 California and a citizen of the State of California. PLAINTIFF was employed by DEFENDANTS

18 in the State of California as a non-exempt employee for approximately five years through in or

19 around May 2021.

20    3.    PLAINTIFF worked for DEFENDANTS as an emergency medical technician and/or

21 ambulance driver. PLAINTIFF regularly worked for DEFENDANTS in the county of Riverside.

22    4.    DEFENDANTS are California corporations that, at all relevant times, were

23 authorized to do business within the State of California and are doing business in the State of

24 California.

25    5.    DEFENDANTS own, operate, or otherwise manage a business that provides

26 ambulance services, providing such services as including but not limited to, fixed wing air

27 ambulance, emergency medical, personal care, non-emergency transportation, onsite safety,

28

1   security, health plans, wheelchair van, and critical care transport services.[1]

2       6.    The true names and capacities of the DOE Defendants sued herein as DOES 1

3   through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such

4   Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally

5   responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this

6   Complaint to reflect the true names and capacities of the Doe Defendants when such identities

7   become known.

8       7.    PLAINTIFF is further informed and believes that, at all relevant times, each

9   Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director,

10   controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

11   predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

12   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

13   of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this

14   complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant

15   acted pursuant to and within the scope of the relationships alleged above, and that at all relevant

16   times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,

17   controlled, aided and abetted the conduct of all other Defendants.

18   **JOINT LIABILITY**

19       8.    Under California law, the definition of the terms "to employ" are broadly construed

20   under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to

21   exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3)

22   to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49

23   Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control

24   was to reach situations in which multiple entities control different aspects of the employment

25   relationship. Supervision of the work, in the specific sense of exercising control over how services

26   are properly performed, is properly viewed as one of the "working conditions" mentioned in the

27   wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a

28

---

[1] See https://www.bloomberg.com/profile/company/0590252D:US#xj4y7vzkg (Last visited on February 22, 2023).

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   temporary employment agency) hires and pays a worker, and the other entity supervises the work.

2   *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in

3   California, applying a less stringent standard to what constitutes sufficient control by a business

4   over its vendor's employees' wages and working conditions to render that business liable as a joint

5   employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative

6   joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the

7   wages, hours, or working conditions of the employee, that is a sufficient showing of joint

8   employment," *Id.* at 875 [emphasis added].

9       9.   During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class

10   Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage

11   Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court

12   in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages,

13   hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted

14   PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class

15   Members to work for them.

16       10.   PLAINTIFF is informed and believes, and thereon alleges that at all relevant times

17   DEFENDANTS operated as a single integrated enterprise with common ownership and centralized

18   human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices

19   across all of their locations/facilities and subjected all of the Class Members to these same policies

20   and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is

21   informed and believes that: (1) there is common ownership in, and financial control, in

22   DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control

23   over the day-to-day operations and employment matters, including the power to hire and fire, set

24   schedules, issue employee policies, and determine rates of compensation across its locations in

25   California; (3) DEFENDANTS utilize the same policies and procedures for all California

26   employees, including issuing the same employee handbooks and other form agreements; (4)

27   DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee

28   employment matters; and, (6) DEFENDANTS share employees.

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

11.     PLAINTIFF is informed and believes, and thereon alleges that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members.

12.     Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay, time-keeping practices, meal and rest periods, reimbursement of business expenses and other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. DEFENDANTS collectively represented to PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members' employment with or without cause. Upon information and belief, DEFENDANTS further collectively represented to PLAINTIFF and Class Members in writing the details of their compensation, and the manner in which they were to take meal and rest periods, the procedures required by DEFENDANTS collectively for recordation of hours worked and the policies applicable to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage rates of PLAINTIFF and Class Members.

13.     Thus, DEFENDANTS collectively exercised the right to control the wages, hours and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively held the right to control virtually every aspect of PLAINTIFF's and the Class Members' employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF seeks relief in this Complaint.

14.     PLAINTIFF is informed and believes that DEFENDANTS exercised the same control over, applied the same policies and practices, and engaged in the same acts and omissions with regard to the other Class Members.

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## CLASS ALLEGATIONS

15.   PLAINTIFF brings this action on behalf of PLAINTIFF, and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

> All current and former non-exempt employees that worked either directly or via a staffing agency for DEFENDANTS at any location in California at any time within the four years prior to the filing of the initial Complaint ("Class Period").

> a.   Numerosity. While the exact number of Class Members is unknown to PLAINTIFF at this time, the Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. PLAINTIFF is informed and believes the Class consists of at least 100 individuals.

> b.   Common Questions of Law and Fact. This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum and overtime wages, under California law; (2) whether DEFENDANTS provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANTS provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (5) whether DEFENDANTS timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and

6

(7) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq.*

c.  Ascertainable Class.  The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d.  Typicality. PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e.  Adequacy. PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f.  Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter

1  as a class action. The cost to the court system of adjudication of such
2  individualized litigation would be substantial. Individualized litigation would
3  also present the potential for inconsistent or contradictory judgments. Finally,
4  the alternative of filing a claim with the California Labor Commissioner is not
5  superior, given the lack of discovery in such proceedings, the fact that there are
6  fewer available remedies, and the losing party has the right to a trial de novo in
7  the Superior Court.

8  **FACTUAL AND LEGAL ALLEGATIONS**

9  16.    During the relevant period, PLAINTIFF, and each of the Class Members worked for
10 DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised
11 control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

12 17.    PLAINTIFF was employed by DEFENDANTS as a non-exempt employee.
13 PLAINTIFF worked for DEFENDANTS as an emergency medical technician and/or ambulance
14 driver. PLAINTIFF worked for DEFENDANTS for approximately five years through in or around
15 May 2021. PLAINTIFF regularly worked at least twelve hours per day, at least five to six days per
16 week.

17 18.    At all relevant times, PLAINTIFF was a non-exempt employee that was paid on an
18 hourly basis for time counted by DEFENDANTS as hours worked.

19 19.    **Unpaid Minimum and Overtime Wages**. DEFENDANTS failed to compensate
20 PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum
21 and overtime wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all
22 hours worked by virtue of, DEFENDANTS' automatic deduction and time rounding policies, and
23 failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise
24 unlawful practices for missed or improper meal periods, as explained below.

25 20.    Based on information and belief, DEFENDANTS implemented a policy and/or
26 practice of rounding meal period start and end times and/or automatically deducting at least thirty
27 minutes per shift for meal periods, despite having actual and/or constructive knowledge that
28 PLAINTIFF and other Class Members were subject to DEFENDANTS' control during purported

1  meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and
2  Class Members of all wages owed.

3      21.    Based on information and belief, Class Members were not paid for all hours worked
4  due to DEFENDANTS' policy and/or practice of paying according to scheduled hours worked
5  instead of actual time worked, and/or mandated off-the clock work policies and/or practices.

6      22.    Based on information and belief, at times, DEFENDANTS' electronic time-keeping
7  system malfunctioned such that Class Members were required to either reinitiate and/or otherwise
8  troubleshoot the system prior to being able to clock in and/or were unable to clock in at all for the
9  start of their shifts and/or clock back in from meal periods, resulting in off-the-clock work and the
10 underpayment of wages owed to Class Members. Based on information and belief, Class Members
11 experienced the same issues when clocking out for shifts and/or back in for meal periods.  This time
12 spent under DEFENDANTS' control was not recorded and not compensated and resulted in unpaid
13 minimum wages owed to Class Members.

14     23.    Based on information and belief, Class Members were not paid for pre-shift off-the-
15 clock work including but not limited to donning and doffing work clothing and/or gathering
16 equipment for work related purposes.

17     24.    Based on information and belief, DEFENDANTS failed to pay Class Members for
18 time they were required to spend completing orientation, policy questionnaires, and/or time spent
19 completing the onboarding process including but not limited to reviewing various documents and
20 policies provided by DEFEDANTS. Based on information and belief, this work time was completed
21 off-the-clock and was not compensated.

22     25.    Based on further information and belief, DEFENDANTS implemented a time-
23 rounding system that as applied systematically deprived PLAINTIFF and other Class Members of
24 compensable time because the time-rounding system implemented by DEFENDANTS would
25 almost always, if not always, result in understating actual compensable work time.

26     26.    DEFENDANTS' failure to pay for all time worked by virtue of its time rounding,
27 auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal
28 periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  minimum wages owed to PLAINTIFF and Class Members as well as unpaid overtime wages for

2  those Class Members who worked more than eight (8) hours in a day and/or more than forty (40)

3  hours in a week.

4      27.    Based on information and belief, DEFENDANTS had actual and/or constructive

5  knowledge that its time rounding policies/practices, auto-deduction policies and practices, failure to

6  provide lawful meal periods (as described below) and/or other off-the-clock work resulted in the

7  underpayment of minimum wages owed to PLAINTIFF and other Class Members, in violation of

8  California's minimum and overtime wage laws.

9      28.    Based on information and belief, DEFENDANTS failed and continue to fail to pay

10  Class Members two times their regular rate of pay for time worked beyond twelve (12) hours per

11  workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a

12  work week, in violation of California's overtime laws. Based on information and belief,

13  DEFENDANTS have a policy and/or practice of paying Class Members at their base rate for hours

14  recorded under twelve hours in a shift, and only begin to pay overtime after twelve recorded hours

15  of work.

16      29.    Based on information and belief, DEFENDANTS' Kronos timekeeping software was

17  hacked in 2021 and DEFENDANTS failed to maintain accurate records of hours worked during pay

18  periods following the hack and/or during the hack and instead paid PLAINTIFF and other Class

19  Members based on scheduled hours worked rather than actual hours worked and/or otherwise failed

20  to pay for all hours worked due to a failure to maintain accurate records of the total hours worked,

21  leading to unpaid minimum and overtime wages.

22      30.    Based on information and belief, DEFENDANTS failed to incorporate all non-

23  discretionary remuneration, including but not limited to, shift differential pay, bonus pay, and/or

24  other non-discretionary pay into the regular rate of pay used to calculate the owed overtime rate(s),

25  resulting in the miscalculation and underpayment of overtime wages owed to PLAINTIFF and other

26  Class Members.

27      31.    **Meal Period Violations.** PLAINTIFF and other Class Members consistently worked

28  shifts of at least five and one-half hours or more, entitling them to at least one meal period. However,

1  PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first

2  and second meal periods. Based on information and belief, Class Members were consistently unable

3  to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late

4  meal periods, interrupted meal periods, and/or work through part or all their meal periods due to

5  understaffing, the nature and constraints of their job duties and/or commentary from supervisors

6  pressuring them to take non-compliant meal periods or skip meal periods completely. For example,

7  PLAINTIFF and other Class Members were not provided with off-duty thirty-minute meal periods.

8  PLAINTIFF was required to monitor his company phone and/or radio at all times during his

9  scheduled shift, including but not limited to during purported meal periods. As such, PLAINTIFF

10  did not receive legally compliant first or second meal periods.

11      32.    Based on information and belief, other Class Members were consistently suffered

12  and permitted to take meal periods past the fifth hour of work and/or had their meal periods

13  interrupted, cut short, restricted to DEFENDANTS' premises and/or otherwise on duty due to

14  commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or

15  the need to meet DEFENDANTS' goals and expectations.

16      33.    Based on information and belief, DEFENDANTS implemented policies and/or

17  practices that failed to relieve Class Members of all duties and DEFENDANTS' control during

18  unpaid meal periods.

19      34.    Based on information and belief, DEFENDANTS required Class Members to

20  complete off-the-clock work prior to their scheduled shift time which DEFENDANTS failed to take

21  into account when scheduling meal periods for Class Members. Based on information and belief,

22  meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

23      35.    Based on information and belief, despite DEFENDANTS' failure to provide lawful

24  meal periods, DEFENDANTS implemented a policy and/or practice of rounding the start and end

25  times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at

26  least thirty minutes per shift for missed and/or otherwise unlawful meal periods despite having

27  actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive

28  lawful meal periods.

36.     Moreover, per DEFENDANTS' uniform policy and practice, Class Members who worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute second meal period.

37.     Based on information and belief, DEFENDANTS failed to instruct PLAINTIFF and other Class Members as to the timing and duty-free nature of meal periods. Based on further information and belief, DEFENDANTS did not have a compliant written meal period policy, nor did DEFENDANTS have any sort of compliant policy in practice.

38.     Moreover, based on information and belief, DEFENDANTS failed to keep accurate records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based on information and belief, to the extent meal period were recorded, DEFENDANTS illegally rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class Members not being paid for all time worked as well as late and/or shortened meal periods. *See Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

39.     Based on information and belief, DEFENDANTS had actual and/or constructive knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which were free of DEFENDANTS' control owed to PLAINTIFF and other Class Members, in violation of California's meal period laws.

40.     DEFENDANTS failed to pay PLAINTIFF and other Class Members, an additional hour of wages at their respective regular rates of compensation for each workday a lawful meal period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each workday a lawful meal period was not provided and/or failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift differential pay and/or other non-discretionary compensation into the regular rate or compensation for purposes of calculating the owed meal period premium.

41.     **Rest Period Violations.** DEFENDANTS did not properly authorize and provide PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4) hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the work period, as required by law.

42.     PLAINTIFF and other Class Members were not adequately informed, authorized, instructed about, nor permitted an opportunity to take proper rest periods per California law. Based on information and belief, DEFENDANTS had no policy in place nor instruction as to the taking of duty-free rest periods.

43.     Based on information and belief, DEFENDANTS did not have a have a compliant written rest period policy, nor did DEFENDANTS have any sort of compliant rest period policy in practice. For example, PLAINTIFF was required to monitor his radio and/or company phone at all times during his shift, including but not limited to any purported rest periods. As such, PLAINTIFF did not receive legally complaint rest periods.

44.     Based on information and belief, Class Members' rest periods were interrupted, cut short, on duty, restricted to premises and/or late due to understaffing, the nature and constraints of their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest periods completely or otherwise take non-compliant rest periods.

45.     Moreover, DEFENDANTS failed to provide any form of a third rest period on shifts lasting longer than ten hours.

46.     Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and DEFENDANTS' control during rest periods.

47.     Based on information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods were only taken once tasks were completed, and/or as time permitted.

48.     Furthermore, DEFENDANTS failed to pay a rest period premium for each day in which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a proper rest period was not provided and/or failed to pay the proper rest period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of compensation for purposes of calculating the owed rest period premium.

49.     **Violations of Labor Code section 226**. During the relevant period, DEFENDANTS failed to provide PLAINTIFF and other Class Members with accurate wage statements that complied with Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

50.     DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also failed to indicate the earned gross and net wages earned during the pay period, the correct applicable rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class Members of all duties and employer control during unpaid meal periods, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices) which results in a violation of Labor Code section 226(a).

51.     As described herein, based on information and belief, DEFENDANTS also failed to incorporate all forms of non-discretionary compensation earned during the pay period into the overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour of overtime worked by PLAINTIFF and other Class Members.

52.     Based on information and belief, wage statements issued by DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is being paid.

53.     Moreover, based on information and belief, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that further violate Labor Code section 226(a), by among other things, failing to list the correct name and/or address of the legal entity that is the employer.

54.     As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that were not accurate and did not include all of the statutorily required information. As such, DEFENDANTS violated Labor Code section 226.

55.     **Failure to Produce Employment Records.** Based on information and belief,

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   DEFENDANTS have a uniform policy and practice of failing to produce or make available a current
2   or former employee's time, pay, and/or personnel records when requested pursuant to Labor Code
3   sections 226, 1198.5, 432, and/or the applicable Wage Order.  Based on information and belief,
4   DEFENDANTS failed and continue to fail to timely produce complete time, pay, and personnel
5   records when requested by Class Members.

6       56.   **Failure to Timely Pay All Wages Upon Separation of Employment**.  Based on
7   information and belief, DEFENDANTS failed to timely pay Class Members all wages that were due
8   and owing upon termination or resignation. Based on information and belief, DEFENDANTS
9   untimely provide final wages to Class Members without regard to the timing requirements of Labor
10  Code sections 201-202.

11      57.   Upon separation of employment, Class Members' final paychecks were not timely
12  provided and/or were not timely provided with all owed vacation pay and/or paid time off.
13  Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all
14  wages owed as they were devoid of, including but not limited to, all owed minimum wages, overtime
15  wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the
16  properly accrued rates.

17      58.   These violations subject DEFENDANTS to civil penalties under Labor Code section
18  203, 210, and/or 256.

19      59.   **Unreimbursed Business Expenses**. Based on information and belief,
20  DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct
21  consequence of the performance of their job duties without providing reimbursement, in violation
22  of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members
23  were improperly required to provide and maintain work tools that are supposed to be the
24  responsibility of the employer.

25      60.   Based on information and belief, DEFENDANTS shifted the costs of doing business
26  onto Class Members by requiring them to pay for business expenses,  including but not limited to,
27  uniforms and/or the use of Class Members' personal mobile phone and data usage for work related
28  purposes including but not limited to receiving and responding to work related messages and/or

1  phone calls. Moreover, PLAINTIFF was required to use his personal cell phone for GPS coordinates

2  whenever DEFENDANTS' GPS system malfunctioned. Additionally, PLAINTIFF was required to

3  purchase and maintain work clothing/uniforms including but not limited to a blue shirt and/or

4  sweater that DEFENDANTS required PLAINTIFF and other Class Members wear.

5      61.    Based on information and belief, DEFENDANTS regularly failed to reimburse and

6  indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802,

7  PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses

8  associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by

9  DEFENDANTS.

10     62.    DEFENDANTS' failure to provide Class Members with full reimbursement for all

11  reasonable expenses associated with carrying out their duties required that Class Members

12  subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

13     63.    PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS

14  engaged in these same herein described unlawful practices and that DEFENDANTS applied these

15  same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

16                        **FIRST CAUSE OF ACTION**
         **Recovery of Unpaid Minimum Wages and Liquidated Damages**
17       **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

18     64.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

19     65.    Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage

20  Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up

21  to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage.

22  Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll

23  period is unlawful.

24     66.    DEFENDANTS violated California's minimum wage laws by failing to compensate

25  PLAINTIFF and the Class Members for all hours worked by virtue of, among other things,

26  DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work

27  completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work,

28  and/or payment according to scheduled hours worked rather than actual hours worked (described

1  above), which resulted in the failure to account for all hours worked and thus the denial of minimum

2  wages.

3       67.     DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and

4  Class Members for all hours worked.

5       68.     Based on information and belief, DEFENDANTS had actual or constructive

6  knowledge that its time-rounding policies and practices, auto-deduction policies and practices for

7  meal periods, failure to relieve employees of all duties and employer control during unpaid meal

8  periods, policy and practice of payment according to scheduled work time rather than actual work

9  time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages

10  owed to PLAINTIFF and other Class Members.

11       69.     Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class

12  Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus

13  attorney's fees and costs, in an amount to be proved at trial.

14                              **SECOND CAUSE OF ACTION**
                              **Recovery of Unpaid Overtime Wages**
15                 **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

16       70.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

17       71.     Employees in California must be paid overtime, equal to one and one-half times the

18  employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including

19  12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of

20  work in a workweek, and they must be paid double the regular rate of pay for all hours worked in

21  excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh

22  consecutive day of work in a workweek, unless they are exempt.

23       72.     PLAINTIFF and the Class Members worked overtime hours for which they were not

24  compensated by DEFENDANTS by virtue of, among other things, DEFENDANTS' time rounding,

25  automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods,

26  other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to

27  scheduled hours worked rather than actual hours worked (described above), which resulted in the

28  failure to account for all hours worked and thus the denial of all owed overtime wages.

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

73.     Based on information and belief, DEFENDANTS failed to pay twice Class Members' regular rate(s) of pay for time worked beyond twelve (12) hours per workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in violation of California's overtime laws.

74.     Based on information and belief, DEFENDANTS further violated California's overtime wage laws by failing to incorporate all non-discretionary compensation, including but not limited to, non-discretionary bonus compensation, shift differentials, and/or other non-discretionary compensation into the regular rate of pay used to calculate the overtime rate of pay. Failing to include non-discretionary compensation into the regular rate of pay resulted in a miscalculation of the overtime wage rate, resulting in the underpayment of overtime wages owed to PLAINTIFF and other Class Members.

75.     DEFENDANTS' conduct described above is in violation of California Labor Code sections 510 and 1194 and all applicable Wage Orders.

76.     PLAINTIFF and the Class Members are entitled to recover all unpaid overtime wages, plus attorney's fees and costs, in an amount to be proved.

### THIRD CAUSE OF ACTION
### Failure to Provide Meal Periods or Compensation in Lieu Thereof
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

77.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

78.     Pursuant to Labor Code section 512 and all applicable IWC Wage Orders, DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute meal break free from all duties and employer control for all shifts longer than 5 hours, and a second 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their

1    employees for at least one meal period for shifts over five hours (see above), and (2) to record having

2    done so.

3        79.    Employers must pay employees an additional hour of wages at the employees'

4    regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted

5    meal period, first meal period provided after five (5) hours, second meal period provided after 10

6    hours). Lab. Code § 226.7.

7        80.    As explained above, PLAINTIFF and other Class Members were consistently unable

8    to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being

9    forced to take late meal periods, interrupted meal periods, and/or work through part or all of their

10   meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary

11   from supervisors pressuring them to take non-compliant meal periods or skip meal periods

12   completely.

13       81.    Based on information and belief, DEFENDANTS had and continue to have a policy

14   of rounding the start and end times of employees' meal periods and/or automatically deducting thirty

15   minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class

16   Members did not receive compliant meal periods.

17       82.    Moreover, based on information and belief, Class Members did not receive a timely,

18   uninterrupted second meal period when working shifts over ten (10) hours in a workday.

19       83.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had

20   actual and/or constructive knowledge that its time-rounding and auto-deduction policies and

21   practices, other unlawful policies and practices resulted in the denial of compliant meal periods in

22   violation of California's meal period laws.

23       84.    DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal

24   periods in violation of California law and/or failed to pay the proper meal period premium for failure

25   to incorporate all non-discretionary remuneration including but not limited to, bonuses, shift

26   differential pay and/or other non-discretionary compensation into the regular rate or compensation

27   for purposes of calculating the owed meal period premium.

28       85.    As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members

1  are entitled to one additional hour's pay at the employee's regular rate of compensation for each day

2  a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs,

3  all in an amount to be proved at trial.

### FOURTH CAUSE OF ACTION
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

6      86.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

7      87.    Labor Code section 226.7 and all applicable IWC Wage Orders require an employer

8  to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours

9  worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period

10 "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004 (2012), the

11 California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts

12 from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10

13 hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029).

14 The rest period requirement obligates employers to permit and authorize employees to take off-duty

15 rest periods, meaning employers must relieve employees of all duties and relinquish control over

16 how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257.

17     88.    If the employer fails to provide any required rest period, the employer must pay the

18 employee one hour of pay at the employee's regular rate of compensation for each workday the

19 employer did not provide at least one legally required rest period, pursuant to Labor Code section

20 226.7.

21     89.    PLAINTIFF and the Class Members did not receive legally compliant, timely 10-

22 minute rest periods for every four (4) hours worked or major fraction thereof. As explained above,

23 any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to

24 DEFENDANTS' control due to the nature and constraints of Class Members' job duties,

25 understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to

26 skip rest periods completely or otherwise take non-compliant rest periods.

27     90.    Based on information and belief, DEFENDANTS implemented policies and/or

28 practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   control during rest periods. Based on further information and belief, Class Members were pressured

2   to complete their work duties according to a designated schedule such that rest periods were only

3   taken once tasks were completed, and/or as time permitted.

4       91.   As a result, PLAINTIFF and Class Members did not receive legally compliant first,

5   second, or third rest periods as required by California law.

6       92.   Moreover, based on information and belief, DEFENDANTS failed to pay a rest

7   period premium to PLAINTIFF and other Class Members for each workday in which there was a

8   missed or otherwise unlawful rest period. Based on further information and belief, when a rest

9   premium was paid, DEFENDANTS failed to include non-discretionary compensation including but

10   not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the

11   regular rate of compensation for purposes of determining the owed rest period premium.

12       93.   DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one

13   hour of additional pay at the regular rate of compensation for each workday that a required rest

14   period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage

15   Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at

16   trial.

### FIFTH CAUSE OF ACTION
### Violations of Labor Code section 226
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

19       94.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

20       95.   Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class

21   Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized

22   wage statement accurately stating the following:

23       (1) gross wages earned, (2) total hours worked by the employee,
        except for any employee whose compensation is solely based on a
24       salary and who is exempt from payment of overtime under
        subdivision (a) of Section 515 or any applicable order of the Industrial
25       Welfare Commission, (3) the number of piece-rate units earned and
        any applicable piece rate if the employee is paid on a piece-rate basis,
26       (4) all deductions, provided that all deductions made on written orders
        of the employee may be aggregated and shown as one item, (5) net
27       wages earned, (6) the inclusive dates of the period for which the
        employee is paid, (7) the name of the employee and his or her social
28       security number, except that by January 1, 2008, only the last four

21
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

96.    As DEFENDANTS failed to provide PLAINTIFF and other Class Members with meal and rest periods that complied with Labor Code section 226.7, the wage statements DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

97.    Moreover, due to violations detailed above, including but not limited to, DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide meal and rest break premiums, and failure to pay all sick leave wages at the proper rates, DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross and net wages earned and the correct applicable rates of pay for all hours worked. Based on information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary compensation earned during the pay period into the regular rate of pay for purposes of calculating the owed overtime rate, and as such, failed to display the proper overtime rate(s) for each hour of overtime worked by PLAINTIFF and other Class Members.

98.    As explained above, wage statements issued by DEFENDANTS failed to list the "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class Members of all duties and employer control during unpaid meal periods, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices all described in greater detail *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on

1  a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v.*
2  *Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

3       99.     Separately, and independent from the above allegations, DEFENDANTS issued
4  wage statements to PLAINTIFF and Class Members that violate Labor Code section 226(a)(8), by
5  failing to list the correct name and/or address of the legal entity that is the employer.

6       100.     Based on information and belief, wage statements issued by DEFENDANTS failed
7  to list all applicable hourly rates in effect during the pay period and the corresponding number of
8  hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

9       101.     Based on information and belief, wage statements issued by DEFENDANTS failed
10  to list the inclusive dates of the pay period for which the Class Member is being paid.

11       102.     DEFENDANTS' failure to accurately list all hours worked on all wage statements
12  caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class
13  Members over whether they received all wages owed to them.

14       103.     As a result, PLAINTIFF and other Class Members have suffered injury as they could
15  not easily determine whether they received all wages owed to them and whether they were paid for
16  all hours worked.

17       104.     Moreover, as a result of DEFENDANTS' failure to list the correct name and/or
18  address of the legal entity that is the employer, PLAINTIFF and Class Members have suffered injury
19  as they could not contact their employer regarding any question(s) they had about wages paid.

20       105.     DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and
21  Class Members with accurate, itemized wage statements.

22       106.     As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members
23  have suffered injury. The absence of accurate information on their wage statements has prevented
24  earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and
25  mathematical computations to determine the amount of wages owed, and will cause difficulty and
26  expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the
27  submission of inaccurate information about wages and amounts deducted from wages to state and
28  federal government agencies. As a result, PLAINTIFF and Class Members are required to

1 | participate in this lawsuit and create more difficulty and expense from having to reconstruct time
2 | and pay records than if DEFENDANT had complied with its legal obligations.

3 |     107.    Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members
4 | are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226
5 | violation occurred and one hundred dollars per employee per violation for each subsequent pay
6 | period, not to exceed an aggregate penalty of four thousand dollars per employee.

7 |     108.    Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are
8 | entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with
9 | California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to
10 | provide currently employed Class Members with inaccurate wage statements in violation of
11 | California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy
12 | for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful
13 | conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance
14 | with California Labor Code § 226(a).

15 |     109.    Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class
16 | Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable
17 | attorneys' fees, and costs of suit.

18 | **Failure to Produce Employment Records**

19 |     110.    *Time and Pay Records*. Labor Code section 226(b)-(c) and all applicable IWC Wage
20 | Orders, section 7 require that employers keep the following information on file for each employee
21 | for a minimum of three years: The employee's dates of employment; the employee's hourly rates
22 | and the corresponding number of hours worked by the employee at each hourly rate, when the
23 | employee begins and ends each work period (including meal periods) and split intervals; total hours
24 | worked by the employee; all deductions; gross wages earned; and net wages earned.

25 |     111.    Section (b) of Labor Code section 226 further requires employers to "afford current
26 | and former employees the right to inspect or receive a copy of records pertaining to their
27 | employment upon reasonable request to the employer." Section (c) of Labor Code section 226
28 | provides that, "an employer who receives a written or oral request to inspect or receive a copy of

1  records pursuant to subdivision (b) pertaining to a current or former employee shall comply with
2  the request as soon as practicable, but no later than 21 calendar days from the date of the request. A
3  violation of this subdivision is an infraction." An employer's failure to comply within this timeframe
4  entitles a current or former employee to recover a seven hundred fifty-dollar ($750) penalty from
5  the employer. Lab. Code section 226(f).

6      112.   *Personnel Records.* In addition to their right to time and pay records, employees, and
7  their representatives, have the right to inspect and receive a copy of their personnel files pursuant to
8  Labor Code section 1198.5. This statute applies to both former and current employees. Labor Code
9  section 432 further specifies that employers must furnish copies of all employment records bearing
10  the employee's signature.

11      113.   Labor Code section 1198.5 also requires that the file be made available for inspection
12  or receipt within a "reasonable" amount of time, but "not later than 30 calendar days from the date
13  the employer receives a written request." An employer's failure to comply within this timeframe
14  likewise entitles a current or former employee to recover a seven hundred fifty-dollar ($750) penalty
15  from the employer. Lab. Code section 1198.5(k).

16      114.   Based on information and belief, DEFENDANTS have a uniform policy and practice
17  of failing to produce or make available a current or former employee's personnel records and/or
18  payroll records when requested pursuant to Labor Code sections 226, 1198.5, 432, and/or the
19  applicable Wage Order.

20      115.   DEFENDANTS' conduct explained above is in violation of Labor Code Sections
21  226(b) & (c). Accordingly, PLAINTIFF and Class Members are therefore each entitled to recover
22  a $750.00 penalty from DEFENDANTS, along with costs and reasonable attorneys' fees, pursuant
23  to Labor Code Section 226(f).

24      116.   DEFENDANTS' conduct is also in violation of Labor Code section 1198.5. Pursuant
25  to Labor Code Sections Labor Code section 1198.5(k), PLAINTIFF and the Class Members are
26  entitled to recover an additional $750.00 penalty from DEFENDANTS, along with injunctive relief,
27  costs and reasonable attorney's fees pursuant to Labor Code section 1198.5(l).

28
**SIXTH CAUSE OF ACTION**
**Failure to Timely Pay All Wages Due Upon Separation of Employment**

25
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

117.     PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

118.     California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

119.     California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

120.     Based in information and belief, DEFENDANTS failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

121.     Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

### SEVENTH CAUSE OF ACTION
**Failure to Reimburse Business Expenses**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

122.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

123.     California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees incurred by the employee enforcing the rights granted by this section."

124. Among other things, under California law, when employees must use their personal cellphones for work-related purposes, the employer must reimburse them for a reasonable percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228 Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was required to use their personal cellphone for work-related purposes and not reimbursed for the use. Id. 1144-1145. California law also requires employers to reimburse employees for automobile expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

125. As described above, PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer.

126. DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

127. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

128. Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

## EIGHTH CAUSE OF ACTION
### Unfair Competition
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

129. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

130. DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum and overtime wages by virtue of its illegal policies and practices; DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay

27
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANTS' failure to reimburse business expenses; DEFENDANTS' failure to timely pay all wages owed upon separation of employment; and DEFENDANTS' failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to, including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary compensation into the sick pay calculation and failure to base the accrued sick leave on the correct number of hours worked as a result of DEFENDANTS' time-rounding/auto deduction policies and practices, payment according to scheduled hours worked and/or other off-the-clock work policies and practices).

131.   Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed minimum and overtime wages and to pay all wages due upon separation of employment of their employees.

132.   As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, *et seq.*, PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

133.   PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class Members, enjoining DEFENDANTS and any and all persons acting in concert with them from engaging in each of the unlawful practices and policies set forth herein.

///

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed as class representative;

3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq.*, of the California Business and Professions Code;

9. For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.


Dated: February 22, 2023                              **CROSNER LEGAL, PC**


By: _____
                                 Michael R. Crosner, Esq.
                                 Zachary M. Crosner, Esq.
                                 Jamie K. Serb, Esq.
                                 Attorneys for Plaintiff

1

### DEMAND FOR JURY TRIAL

2          PLAINTIFF demands a trial by jury on all claims so triable.

3

4   Dated:  February 22, 2023                    **CROSNER LEGAL, PC**

5

6                                     By: _____

7                                         Michael R. Crosner, Esq.
                                          Zachary M. Crosner, Esq.
8                                         Jamie K. Serb, Esq.
                                          Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28